# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| CLIFTON JOHN RENNIE, | |
| Petitioner, | No. C25-4077-LTS-MAR |
| vs. | |
| DONALD TRUMP, et al., | **MEMORANDUM OPINION AND ORDER** |
| Respondents. | |

## I. INTRODUCTION

This case is before me on petitioner Clifton John Rennie's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Rennie is currently detained at the Sioux County Jail in Orange City, Iowa, following revocation of an order of supervision (OSUP) to carry out an order of removal. Doc. 1 at 4, 7; Doc. 8 at 3. On initial review, I entered an order (Doc. 4), directing the respondents (collectively, the Government)[1] to respond to Rennie's petition, which they did (Doc. 8). Rennie has not filed a reply and the time for doing so has expired. Oral argument is not necessary. *See* Local Rule 7(c).

## II. BACKGROUND

Rennie is a citizen and native of Liberia. He entered the United States as a visitor in 1997 and was placed on Temporary Protected Status (TPS) in 1998. In 2001, Rennie was arrested and charged with First-Degree Criminal Sexual Conduct and was

---

[1] Although the Government's reply was filed on behalf of only the federal respondents, and not Jamie Van Voorst, the Sioux County Sheriff (Doc. 8 at 2 n.1), this order will apply to all respondents.

subsequently denied TPS in 2004. He departed the United States but returned the same year and was granted parole as an arriving alien.

In 2010, Rennie was convicted of Third-Degree Criminal Sexual Conduct with a 14 or 15-year-old victim and was sentenced to 36 months' imprisonment. On October 31, 2011, an Immigration Judge ordered Rennie removed. Rennie filed a motion to reopen and an appeal, both of which were denied. Rennie was released from detention in August 2012 on OSUP because of difficulty carrying out his removal to Liberia. Rennie asserts he has complied with his OSUP conditions and has not committed any new crimes. Doc. 1 at 4, 7. He was scheduled to check in with Immigration and Customs Enforcement (ICE) on February 5, 2026, but was detained on December 7, 2025. Rennie claims ICE detained him with no notice, explanation for the revocation of his OSUP or opportunity to challenge that revocation. *Id*. at 4-5, 21-22. The Government states that his supervision was revoked because his removal is reasonably foreseeable, and in fact, imminent. They note the Liberian Consulate issued a travel document for Rennie on January 14, 2026.[2]

### III. DISCUSSION

The Government challenges Rennie's petition on two primary grounds. First, it argues the court lacks jurisdiction. Second, it argues that Rennie is contesting a discretionary decision and cannot show that his detention has exceeded six months or that removal is not reasonably foreseeable. I will begin with jurisdiction.

The Government argues that while federal district courts have jurisdiction to hear habeas petitions, the Immigration and Nationality Act (INA) expressly limits federal district courts' jurisdiction over actions related to removal orders. *See* 8 U.S.C. § 1252(g) ("Except as provided in this section and notwithstanding any other provision of

---

[2] The Government argues that Rennie's request for an order enjoining third country removal is unnecessary as Rennie will be removed to Liberia. Doc. 8 at 12.

law (statutory or nonstatutory), including section 2241 of Title 28 . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."). The Supreme Court has held that § 1252(g) "applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 482 (1999) (*AADC*) (emphasis added in *AADC*). The Court has also stated it does "not interpret this language to sweep in any claim that technically can be said to 'arise from' the three listed actions of the Attorney General. Instead, we read the language to refer to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018).

Some courts have determined that revocation of supervision and detention of an individual subject to a removal order does not relate to the execution of a removal order such that the court lacks jurisdiction. They distinguish the discretionary choice to execute a removal order (not reviewable) with the manner in which DHS executes the removal order (i.e., whether DHS complied with its own revocation procedures), which is reviewable. *See e.g.*, *Miguel Montero Guerra v. Bondi*, Case No. CIV-25-1250, 2026 WL 114258, at *4 (W.D. Okla. Jan. 15, 2026) ("Because there was an intervening [Order of Supervision] – a decision for which specific regulatory safeguards have been adopted – is different than the mere execution of Petitioner's prior removal order and, therefore, cannot be characterized as an action directly and immediately connected to execution of removal."); *Nguyen v. Warden of Golden State Mcfarland Detention Facility*, Case No. 2:25-cv-03297, 2026 WL 72110, at *2 (E.D. Cal. Jan. 9, 2026) (noting that § 1252(g) bars the court's review of a challenge to the Government's decision to execute a removal order, but a challenge to a petitioner's detention resulting from violations of the Government's mandatory duties under certain statutes, regulations and the Constitution does not bar review); *Valdes-Santovenia v. Ripa*, Case No. 2:25-cv-1063, 2025 WL

3

3771264, at *2 (M.D. Fla. Dec. 31, 2025) ("Valdes-Santovenia is ultimately challenging the legality of his detention, so the INA does not strip the Court of jurisdiction over this action."); *Ceesay v. Kurzdorfer*, 781 F. Supp. 3d 137, 152 (W.D.N.Y. 2025) ("district courts in this circuit have distinguished between challenges to ICE's discretion to execute a removal order, which are barred, and challenges to the manner in which ICE executes the removal order, which are not."); *Phongsavanh v. Williams*, Case. No. 4:25-cv-0426, 2025 WL 3124032, at *3 (S.D. Iowa Nov. 7, 2025) (concluding the court has jurisdiction because the petitioner is not challenging his removal order but his revocation of supervision and his detention).

Other courts conclude that revocation of supervision is an "action" by the Attorney General to execute a removal order and thus falls under § 1252(g). *See Tazu v. Attorney General United States*, 975 F.3d 292, 298 (3d Cir. 2020) (concluding claim that Government ended supervision without giving petitioner notice and a revocation interview in violation of the agency's rules and due process is challenging the action taken to execute a removal order meaning the district court lacks jurisdiction under § 1252(g)); *Van Phan v. Oddo*, Case No. 3:25-cv-348, 2026 WL 60337, at *2 (W.D. Penn. Jan. 8, 2026) (citing *Tazu* and concluding court did not have jurisdiction under § 1252(g) to consider claim that revocation of OSUP without notice and an opportunity to be heard violated the INA and ICE's regulations); *Westley v. Harper*, 2025 WL 592788, at *6 (E.D. La. Feb. 24, 2025) ("Because this Court has determined that all of Petitioner's claims arise from the decision to execute a removal order, it lacks jurisdiction to entertain them under any provision cited by Petitioner.").

The Eighth Circuit has not ruled on the scope of § 1252(g) in this context, in which an individual subject to a removal order has had his supervision revoked based on a claimed change in circumstances in which removal is purportedly imminent. However, the Eighth Circuit has addressed the scope of § 1252(g) in a different context. In *Silva v. United States*, 866 F.3d 938 (8th Cir. 2017), the plaintiff sued the Government under the Federal Tort Claims Act and the Constitution seeking compensation based on his

alleged wrongful removal to Mexico during a stay of the removal order. 866 F.3d at 939. The court held that § 1252(g) precluded the exercise of jurisdiction because his claims arose from a decision or action to execute a removal order. *Id.* at 940 ("Although the execution of this removal order happened to be in violation of a stay, the alien's claims are directly connected to the execution of the removal order."). The court distinguished *Jama v. Immigration & Naturalization Service*, 329 F.3d 630 (8th Cir. 2003), *aff'd*, 543 U.S. 335 (2005), as presenting a habeas claim that raised "a purely legal question of statutory construction" – whether the Attorney's General's "legal conclusion" that § 1231(b)(2)(E)(iv) authorized the alien's return to Somalia without first establishing that Somalia would accept him was correct. *Id.* at 941.

Rennie contends that his detention or revocation of OSUP based on imminent execution of his removal order violates regulations. Under *Silva*, I conclude that this claim arises from a decision or action to execute a removal order as opposed to addressing a purely legal question of statutory construction. *See Patel v. Noem*, Case No. 25-cv-3167, 2025 WL 2823561, at *2 (D. Minn. Sept. 12, 2025) (concluding court did not have jurisdiction under § 1252(g) to review challenge of unlawful detention that was the direct result of Secretary Noem's decision to execute a removal order). As such, this court lacks jurisdiction under § 1252(g) to review Rennie's claim.[3]

## IV.     CONCLUSION

For the reasons stated herein:

1.     Rennie's petition (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **dismissed for lack of jurisdiction**.

---

[3] Of course, if the Government does not imminently execute the removal order and Rennie's detention becomes unreasonably prolonged, he may file another § 2241 petition challenging his detention on that basis. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

2. The Clerk of Court shall enter judgment in favor of respondents and against Rennie.

**IT IS SO ORDERED** this 4th day of February, 2026.

_____
Leonard T. Strand
United States District Judge